# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID CORDOVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD J. TARVER, United States | ) | Case No. CV416-076 |
| Attorney; SAMUEL L. OLENS, | ) | |
| Attorney General of Georgia; and | ) | |
| ROBERT L. RUSSELL, Judge, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Claiming that "defendants committed fraud and treason by falsely accusing plaintiff" in federal and state courts, David Cordova brings this 42 U.S. § 1983 case against the U.S. Attorney for the Southern District of Georgia, a Georgia Superior Court Judge, and the Georgia Attorney General seeking "immediate[] release." Doc. 1 at 5-6. He also moves for leave to proceed *in forma pauperis* (doc. 2), which the Court **GRANTS**. Preliminary review, however, shows his Complaint must be dismissed with prejudice.[1]

---

[1] Because Cordova proceeds IFP, doc. 2, the Court screens his case under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by all prisoners or other

Cordova alleges that his "illegal confinement" (for what, he does not say) began "August 19, 1995." Defendants, he contends, falsely accused him (of what, he does not say) in this Court and "the Long County Superior Court of Georgia." Doc. 1 at 5. Defendants "threatened him to give him the death penalty, and in order to save his life, [Cordova] entered and signed a not knowledgeable to him then plea bargain contract." *Id.* Ever since, he has suffered and been in danger from "false imprisonment without jurisdiction." *Id.* Ultimately, Cordova "would like to seek relief in the United Nations Court under an 'International Private Administrative Process,'" but for now "he would like to seek . . . immediate release" in this Court, as well as $20,000,000 in damages. *Id.* at 6.

Because "the relief [Cordova] seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state

---

detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief), and 28 U.S.C. § 1915(e)(2)(B) (courts must preliminarily determine whether IFP litigants have stated cognizable claims for relief).

prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).

> As the Supreme Court stressed in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), we must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81, 125 S.Ct. at 1247.

*Cooks v. Sec'y, Fla. Dep't. of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015); *Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (The "sole remedy in federal court" for a prisoner seeking release due to the asserted invalidity of his confinement is a petition for writ of habeas corpus.).[2] Cordova

---

[2] Indeed:

> [i]ssues sounding in habeas are mutually exclusive from those sounding in a § 1983 action. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("An inmate convicted and sentenced under state law may seek federal relief under two primary avenues:" a petition for habeas corpus or a complaint under 42 U.S.C. § 1983.). "The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence." *Id.*

*McNabb v. Commissioner Ala. Dept. of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013).

therefore cannot use § 1983 here to secure his release from state custody.³

To the extent any of his allegations can be construed to surmount a *Heck* bar, they still fail to state a claim,⁴ or to meet § 2255's heightened pleading standards.⁵ Cordova's claims come nowhere near satisfying

---

³ The Court need not construe the Complaint as a § 2255 motion or otherwise give Cordova a chance to file one because he already has. *See Cordova v. United States*, No. CV215-119, doc. 1 (S.D. Ga. July 29, 2015) (challenging 1998 federal conviction for carjacking).

⁴ The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

⁵ Under those, his "allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014). Thus, § 2255 movants:

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations). *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United*

those standards because they contain virtually no facts at all (he never even alleges what landed him, legally or illegally, in state prison). What little he does plead amounts to nothing more than hyperbolic legal conclusions that fail to state a claim.[6] *See, e.g.*, doc. 1 at 5 ("Defendants committed fraud and treason . . . [and] threatened . . . to give him the death penalty. . . ."). Accordingly, David Cordova's § 1983 complaint should be **DISMISSED**.

---

*States*, 2013 WL 6234694 at * 2–3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, [564 F. App'x 481, 484 (11th Cir. 2014) ] ("Although pro se briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Eubank v. United States*, 2016 WL 750344 at * 2 (S.D. Ga. Feb. 25, 2016).

[6] Even if he otherwise stated a claim, this action -- which revolves around the alleged invalidity of 1995 state convictions and a 1998 federal one -- comes almost two decades after the statute of limitations expired. *See Gibbs v. Savannah-Chatham Metro. Police Dep't*, 2016 WL 1317414 at * 2 (S.D. Ga. Mar. 3, 2016), *adopted* 2016 WL 1317405 (S.D. Ga. Apr. 4, 2016); *Mullinax v. McElhenney*, 817 F.2d 711, 715–16 n. 2 (11th Cir. 1987) (actions brought under 42 U.S.C. § 1983 are barred if not filed within two years after the cause of action accrues); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("[T]he proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). *See also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

**SO REPORTED AND RECOMMENDED**, this  14th   day of April, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA